■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

REGINALD PAYLOR, Appellant.—Judgment, Supreme Court, Bronx County (David Levy, J.), rendered on April 29, 1985, convicting defendant, after a nonjury trial, of robbery in the first degree and robbery in the second degree, and sentencing him to concurrent indeterminate terms of 2 to 6 years' and 1½ to 4½ years' imprisonment, respectively, affirmed.

After a nonjury trial, defendant was convicted of robbery in the first degree and robbery in the second degree, and sentenced to concurrent indeterminate terms of from 2 to 6 years' and 1½ to 4½ years' imprisonment, respectively.

The complaining witness testified that on February 26, 1984, at about 1:00 A.M., while approaching his home at 4769 White Plains Road in The Bronx, he was the victim of a robbery committed by two individuals who forcibly took from him his wallet, jewelry and a Sony Walkman. He identified the defendant as one of two participants in the robbery. On behalf of the defendant, his mother testified that at a time inconsistent with the defendant's participation in the robbery, he and a close friend and overnight guest, Derek Thomas, were with her at defendant's Mt. Vernon home. Derek Thomas was not called as a witness.

In our opinion, the evidence adequately supports the court's determination that the defendant was guilty of the crimes charged. The single important issue is raised by the defendant's claim that reversible error occurred when the court stated in substance that in accordance with the charge approved in *People v Glenn* (68 AD2d 626, *revd on other grounds* 52 NY2d 880), he would submit with regard to defendant's failure to call Derek Thomas "the strongest [adverse] inference that can be drawn from the testimony already produced".

The defendant contends that the evidence did not sufficiently establish his control over Thomas to justify any missing witness inference at all, and that in any event the inference described by the court was reversible error. On the issue of control, the record supports the court's conclusion that a missing witness inference was appropriate, the record demonstrating that the defendant and Thomas were close friends who had been in frequent association with each other during the year that elapsed between the robbery and the trial. A more complicated question is presented in regard to the court's statement that he would "submit the strongest [adverse] inference that can be drawn from the testimony already produced".

In *People v Glenn (supra,* p 628), a sharply divided court concluded that it was not error to charge the jury that if they found that the defendant had control over a particular witness, " 'the strongest inference may be drawn against the Defendant which opposing evidence in this record permits' ". In reaching this conclusion, the majority observed that the courts of this State were not in accord as to the precise nature of the unfavorable inference which may be drawn from the failure of a party to call a witness as to which that party had control.

Thereafter, the same issue was considered by the Fourth Department in *People v Terry* (83 AD2d 491), and that court, in agreement with the dissenting opinion in *People v Glenn (supra),* concluded that it was error to charge the strongest adverse inference against a defendant in a criminal case, and where a missing witness charge was appropriate, the jury should simply be instructed that it may "consider" the failure of the defendant to call a witness.

Also pertinent to the issue here raised is the recommended instruction by the Committee on Criminal Jury Instructions of the State of New York with regard to the failure of a defendant to call a witness who is under control of the defendant and available to be called by the defendant. The recommended instruction (1 CJI [NY] 8.55 p 452) provides that the jury may "infer, if you believe it proper to do so" that if the individual had been called as a witness by the defendant and had testified, his testimony would not have supported the defense testimony on the issue.

Although we have come to the view that the strongest adverse inference charge is an inappropriate one to apply to the failure of a defendant to call a witness in a criminal case, and now believe that either the charge recommended by the Fourth Department in *People v Terry (supra),* or that recommended in 1 CJI (NY) 8.55 is preferable, we are not persuaded that in the unusual circumstance of a nonjury trial it was reversible error for the court to indicate that it would follow the rule previously sanctioned by this court in *People v Glenn (supra).*

In his capacity as fact finder, it seems to us clear that the trial court had broad discretion to determine the weight that he would attach to defendant's failure to call Derek Thomas. It seems to us extremely improbable that the trial court would have found the alibi defense submitted by defendant's mother sufficient to give rise to a reasonable doubt if he did not

consider himself bound by the instruction approved in *Glenn (supra).* Although in the course of colloquy at the end of the case the court said he would "submit" the strongest inference, this comment is realistically evaluated as an expression of the court's conclusion that there was no merit to the alibi defense considered as a whole, including the failure to call defendant's close friend, and in light of the entire testimony that he had heard. Concur—Sandler, J. P., Asch, Ross, Rosenberger and Wallach, JJ.

Kassal, J., concurs in a memorandum as follows: I concur in the result reached by the majority. However, I do not agree with the view expressed by my colleagues, as dicta, that in a criminal case, where a party fails to call a witness under the control of the party, the court, in delivering a missing witness charge, may either adhere to the view expressed by the Appellate Division, Fourth Department, in *People v Terry* (83 AD2d 491) or the recommended jury instruction adopted by the Committee on Criminal Jury Instructions of the State of New York (1 CJI [NY] 8.55 p 452).

In my view, the appropriate charge is that presented by the Committee on Criminal Jury Instructions, which recommends instructing the jury that they may "infer", if proper, that the testimony of the uncalled witness "would not have supported the testimony of the defendant * * * on that issue." *(Ibid.)* I believe the alternative charge suggested by the Fourth Department in *People v Terry (supra,* at p 496), "that failure to call a witness is something the jury may ' "consider" ' " is insufficient in that it fails to instruct the jury adequately as to the law in terms of the adverse inference which may be drawn by them.

Moreover, this was a nonjury trial, where the Trial Justice adopted "the strongest adverse inference" standard of *People v Glenn* (68 AD2d 626, *revd on other grounds* 52 NY2d 880), a charge which we now agree is inappropriate in a criminal jury trial. I fail to perceive the basis for the majority's placing the imprimatur of approval on these two alternative instructions, neither of which had been employed in this nonjury case. This is especially so where the issue has not been addressed by the parties and has no direct bearing upon our disposition of the appeal. To the extent the majority seeks to provide guidance to the Bench and Bar, this is not accomplished by a determination which recommends the use of either of two dissimilar jury charges.