THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE HARRIS, Appellant

The trial court did not abuse its discretion by permitting into evidence (1) photographs of the victim taken just after she was attacked, evidencing that she sustained a brutal beating and (2) a ripped and bloodied nightgown alleged to have been worn by the victim during the attack. This evidence tended to prove material issues in the case and was corroborative of the testimony given at trial *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Baez,* 131 AD2d 687; *People v Shade,* 127 AD2d 862, *lv denied* 69 NY2d 1009; *People v Scott,* 126 AD2d 582, 583, *lv denied* 69 NY2d 1009).

The prosecutor improperly presented an argument in her summation, without a proper foundation, concerning the defendant's failure to call witnesses to corroborate his testimony *(see, People v Woodson,* 73 AD2d 862; *cf., People v Rodriguez,* 38 NY2d 95; *People v Paylor,* 121 AD2d 891, 892, *affd* 70 NY2d 146). However, in light of the fact that the trial court did curtail the prosecutor's statements and the overwhelming nature of the evidence against the defendant, the error was harmless and did not deprive the defendant of a fair trial *(see, People v Crimmins,* 36 NY2d 230). Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.