■ 318 EAST 93, L. L. C., as Successor to GREAT NORTH REALTY, INC., Appellant, v MARY T. WARD, Also Known as MAISIE T. WARD, Also Known as MARY WARD, Respondent, et al., Respondents. [713 NYS2d 860] —Order of the Appellate Term of the Supreme Court, First Department (Freedman, J. P., and McCooe, J.; Davis, J., dissenting), entered September 27, 1999, which affirmed a judgment of the Civil Court, New York County (Ruben Martino, J.), entered October 22, 1998, after a nonjury trial, dismissing petitioner's non-primary residence holdover petition, unanimously affirmed, without costs.

In this summary holdover proceeding to recover possession of a rent-controlled apartment on the ground that it had not been occupied as a primary residence, Civil Court determined, after a nonjury trial, that petitioner landlord failed to meet its burden to establish non-primary residency by a preponderance of the evidence. We see no basis to disturb Civil Court's resolution of the issues of fact and credibility raised at the trial of this matter since it is far from "obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (*Claridge Gardens v Menotti*, 160 AD2d 544, 545). The court, sitting as fact-finder, made a specific finding that there was evidence to support the respective positions of each party. When the trial evidence weighs so evenly as not to preponderate on either side, the court must decide against the party with the burden (*D'Amico v Manufacturers Hanover Trust Co.*, 173 AD2d 263, 265).

Civil Court's refusal to draw a negative inference based upon respondent tenant's failure to call her daughter at trial was a proper exercise of discretion. The inference that a trier of fact draws from a missing witness charge is not mandatory, but merely permissive (*see, People v Gonzalez*, 68 NY2d 424). Here, it was within the province of the court, sitting as fact-finder, to determine whether to draw a negative inference from respondent tenant's failure to produce her daughter as a witness (*see, People v Paylor*, 121 AD2d 891, *affd* 70 NY2d 146), in light of the testimony concerning tenant's relationship with her daughter. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.