■ 23 JONES STREET ASSOCIATES, Appellant, v JUDITH KEEBLER-BERETTA, Respondent, et al., Respondents. [726 NYS2d 30] —Order of the Appellate Term of the Supreme Court, First Department, entered October 6, 2000, affirming a judgment of the Civil Court, New York County (Shirley Werner Kornreich, J., and a jury), entered January 24, 1997, in a holdover proceeding, awarding possession of the subject rent-controlled apartment to respondent tenant, unanimously affirmed, without costs.

Respondent established her right to the subject apartment under New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d) (1) with legally sufficient evidence, mostly testimonial and turning largely on credibility, that the apartment was her primary residence between the time of her marriage to the tenant of record and the latter's death some 3½ years later. Nor is the verdict against the weight of the evidence. While documentary evidence can be significant in determining primary residence, it is not essential, and it does not necessarily preponderate over inconsistent testimonial evidence (*see, 300 E. 34th St. Co. v Habeeb*, 248 AD2d 50, 55). Moreover, there was some documentary evidence of respondent's residency, namely, her voter registration card and the letter she wrote the then-managing agent advising of her marriage and occupancy of the apartment. The trial court did not err in refusing to instruct the jury to draw a negative inference against respondent for failing to introduce tax returns for the relevant period, since the only evidence as to respondent's tax returns, never subpoenaed by petitioner, was that the last one she filed was for the tax year prior to her marriage. Nor was it error to refuse a charge that married people can maintain separate primary residences. As Appellate Term stated, the latter

is a proposition within the common sense knowledge and experience of jurors. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.