*79 OPINION OF THE COURT
Per Curiam.
Final judgment entered January 10, 2002 affirmed, with $25 costs.
The evidence, fairly interpreted, supports the trial court’s fact-laden determination that the long-term (40-year) rent-controlled tenant primarily resides at the subject East 12th Street, Manhattan, apartment and not, as landlords urge, at a Medford, Long Island, property (the Race Avenue property). Based largely upon the credited testimony of tenant and her witnesses, the court in its thorough written decision expressly found that the tenant maintains an ongoing presence at the Manhattan apartment — where she receives mail and keeps her furniture and clothing — and only “occasionally” uses the Race Avenue property, a use consistent with her (co-)ownership of and management responsibilities in connection with several investment properties in that area. Although the record shows that the Race Avenue residence is one of several properties co-owned by tenant and a long-time friend, one Harry Robinson, tenant testified, to the satisfaction of the trial court which had the opportunity to observe her demeanor, that she slept at the Race Avenue residence only two or three times a month, and it is unrefuted on this record that Robinson alone pays “all the bills and . . . taxes” on that property.
The court, sitting as factfinder, also determined that this tenant was not a “sophisticated real estate professional,” and reasonably concluded that tenant’s conduct in ‘ ‘interchanging] ’ ’ the Race Avenue address and the subject East 12th Street address on “various documents and applications” reflected inattention and “carelessness” more than it was probative of tenant’s nonprimary residency. We agree that the documentation listing the Race Avenue residence, which was addressed and explained before the trial court, does not counterbalance the tenant’s testimonial evidence (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]), particularly on this record, which, as the trial court appropriately recognized, contains no countervailing testimonial evidence “from building staff or neighbors regarding how often [tenant] is seen at the subject premises.” Moreover, the filing of a New York City resident income tax return is not a prerequisite to a claim of primary residence (see West 157th St. Assoc. v Sassoonian, 156 AD2d 137, 139 [1989]; see also Village Dev. Assoc. v Walker, 282 AD2d *80 369 [2001]) and, we note, the single tax return offered into evidence below, listing tenant’s address as a Manhattan post-office box, is equivocal in nature and does little to aid the landlords’ cause. Similarly, given the landlords’ failure to offer any evidence tending to indicate that the tenant registered to vote elsewhere, her apparent failure to have “voted from the subject apartment for a prolonged period of time” (dissenting op at 82) is of little probative value in determining the tenant’s primary residence. Significant also is the landlords’ failure to present any testimonial or documentary evidence regarding the tenant’s telephone or utility usage at the subject apartment, and the absence of any argument by landlords or demonstration in the record that the limited NYNEX and Con Edison bills offered into evidence by tenant in any way reflected low utility usage.* Nor was the trial court required to draw a negative inference against tenant for failing to present any additional documentary evidence (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d at 109; see also 318 E. 93 v Ward, 276 AD2d 277, 278 [2000]).
Finally, a finding of nonprimary residency is not warranted on the basis of the testimony of the landlords’ private investigator (Bridges) — who visited the “partially run-down area” surrounding the Race Avenue property on 14 occasions over a four-year period and was certain that he saw the tenant on just three of those occasions (all of which postdated service of the underlying termination notice in December 1997) — or that of a Medford resident (Martin) — who claimed to have frequently seen the tenant during the summer of 1997 “coming from” a nearby Falcon Avenue, Medford property co-owned by tenant that was then undergoing renovation work.
Giving due deference to the trial court’s express findings of fact and credibility, and evaluating the entire history of the tenancy (see, 615 Co. v Mikeska, 75 NY2d 987, 988 [1990]), we agree that landlords failed in their burden to establish that tenant abandoned the subject apartment as her primary residence.

 Although a Con Edison representative (Vomacka) testified on behalf of the landlords, the witness was asked no questions on direct examination concerning the level of electrical usage in the subject apartment, and tenant’s counsel’s attempts to cross-examine the witness on that issue, objected to by landlords’ counsel as “exceeding] the scope of direct,” were ultimately rebuffed by the trial court. Notably, the landlords’ main appellate brief contains only a single reference to the apartment’s utility usage, an appropriate acknowledgment that the subject is not “probative” of the primary residence issue framed on appeal.