*22 OPINION OF THE COURT
Per Curiam.
Final judgment entered on or about May 19, 2004 reversed, with $30 costs, and matter remanded for further proceedings consistent with this decision.
Even when viewed in the light most favorable to the tenants, the trial evidence fails to establish that landlord waived its right to enforce the “no-pets” provision of the governing lease agreement (see Administrative Code of City of NY § 27-2009.1 [b]). While tenant Marco testified that he “never hid” his dog— described in the record as a “quiet,” 19-pound Schnauzer — he offered scant evidence on the critical “open and notorious” element of the statutory waiver defense. All that was shown in this regard was that the dog became a “permanent resident” of the subject fourth-floor apartment in October 2002, that tenants’ witness (Rindner) walked the dog from the brownstone premises at an unspecified time or times once a day for the five-day period between November 4 and November 8, 2002, and that Rindner “boarded” the dog elsewhere for an unidentified time period thereafter. Tenants made no showing that the dog was in open view in or near the building premises at any time other than the isolated occasions that Rindner walked it, or that the presence of the dog inside the apartment was otherwise detectible (cf. 111 E. 88th Partners v Reich, 2002 NY Slip Op 50007[U] [2002] [65-pound dog walked at least three times a day]). In this posture, no fair interpretation of the evidence can support a finding that the presence of the dog “was so open, notorious and visible as to support an inference that the [landlord] must or should have known of it.” (Seward Park Hous. Corp. v Cohen, 287 AD2d 157, 164 [2001].)
Tenants having failed to establish that the landlord’s commencement of the holdover proceeding was untimely, the dismissal order premised solely on that ground may not stand. We remand the matter for such further proceedings as may be necessary to determine the tenants’ pleaded defense of retaliatory eviction, an issue not addressed in the court’s bench decision.
Suarez, EJ., Gangel-Jacob and Schoenfeld, JJ., concur.