OPINION OF THE COURT
Per Curiam.
Order dated April 13, 2006, reversed, with $10 costs, motion denied and verdict reinstated. The Clerk is directed to enter a final judgment in favor of tenant dismissing the petition.
This holdover summary proceeding, based upon allegations that the elderly rent-controlled tenant was harboring two cats in violation of the “no pet” rider to her 1964 lease agreement, was commenced in February 2005 and was tried to completion over two court days in April 2005. The focus of the trial was on tenant’s affirmative defense that landlord waived the lease violation by failing to commence the proceeding within three months after knowledge of the breach (see Administrative Code of City of NY § 27-2009.1 [b]). The trial court initially ruled in favor of tenant on the waiver issue and dismissed the holdover petition. In a written decision dated May 20, 2005, the court found credible the tenant’s unrebutted testimony that the cats, Apollo and Athena, continuously occupied the subject apartment since at least January 1997; that the prior managing agent (Schlatter) and building superintendent (Dempsey) inspected the apartment in August 2000 in connection with contemplated repair work to the bathroom ceiling, with both employees walking *48 through “every room” of the apartment and the superintendent spending about a half hour inside the bathroom with a contractor “writing up what had to be done”; that the principal (So-mos) and four employees of a contracting firm hired by the former landlord replaced the circuit breakers throughout the entire apartment on two successive dates in mid-October 2003, with Somos returning the following week to repair a broken pipe in the kitchen; and that on all such occasions the cats were present in the apartment and that traditional accouterments of household pets, including a litter box in the bathroom and feeding bowls in the kitchen, were in plain view. Based upon its favorable assessment of the credibility of tenant and her witness (a neighbor), the “testimonial and documentary evidence” presented by tenant, and the landlord’s failure to rebut such evidence, the court determined that landlord waived its right to enforce the no-pet covenant of the lease.
In January 2006, more than seven months after entry of the final judgment in tenant’s favor, landlord, citing to CPLR 2221 (d), moved to “reargue,” urging the court to reconsider its initial ruling on the waiver issue. In the April 13, 2006 order here under review, the court granted “reargument,” reversed course on the waiver issue, and awarded a possessory judgment to landlord. The court gave little explanation for its change of heart on the waiver issue, stating without any specific record reference or elaborative analysis that its review of the trial transcript revealed that tenant “did not testify with as much certainty about the visits of the agents of the previous owner as the court recalled when it made its initial decision,” and indicating its view that our then recent decision in Gidina Partners LLC v Marco (11 Misc 3d 21 [2005]), necessarily precluded a finding of waiver in the case at bar. On tenant’s appeal, we reverse and, consistent with the trial court’s initial, fully supported finding of waiver, dismiss the petition.
Although the point is not directly raised by tenant, we note as a threshold matter that landlord’s posttrial motion, erroneously denominated as one for leave to reargue, was, in effect, a motion, pursuant to CPLR 4404 (b), to set aside the verdict. Inasmuch as the motion was made more than seven months after rendition of the court’s verdict, it should have been denied as untimely (see CPLR 4405; Casey v Slattery, 213 AD2d 890, 891 [1995]), landlord having failed to offer any reason, much less “an overriding and persuasive reason” (Barnes v Oceanus Nav. Corp., Ltd., 21 AD3d 975, 977 [2005]) warranting its consideration.
*49 In any event, no sound substantive basis was shown by landlord, or identified by the trial court, for the belated vacatur of the court’s initial finding of statutory waiver. As the court appropriately recognized in its initial, unappealed ruling, the tenant’s credible, consistent, and uncontradicted account of the multiple visits to her apartment made by the prior landlord’s managing agent, superintendent, and contractors in 2000 and 2003 strongly supports an inference that the prior landlord knew or should have known of the presence of tenant’s cats, first complained of in December 2004. Even were we to assume that none of the building personnel and agents who ventured throughout the tenant’s small, two-room apartment actually saw the cats due to the animals’ “shy” nature, the obvious presence of various pet paraphernalia — particularly the litter box “visibl[y]” situated in the bathroom — was sufficient to alert the prior owner’s agents that tenant had a pet or pets. As the trial court appropriately recognized in its initial written decision, the landlord’s unexplained failure to elicit testimony from any of the prior owner’s representatives as to their knowledge of tenant’s cats warranted the drawing of an unfavorable inference (see Seward Park Hous. Corp. v Cohen, 287 AD2d 157, 168 [2001]). In the absence of any such countervailing evidence by landlord, it is not unfair to suggest that the prior owner “would have had to close its eyes, cover its ears, and hold its breath to have remained ignorant of the presence of [tenant’s cats]” (Seward Park Hous. Corp. v Cohen, 287 AD2d at 169).
Nor is our decision in Gidina Partners LLC v Marco (11 Misc 3d 21 [2005]), issued during the long hiatus between the conclusion of the trial proceedings below and landlord’s posttrial motion, in any way at odds with the trial court’s initial finding of waiver. In Gidina, the only evidence bearing on the critical “open and notorious” issue was testimony elicited by tenants indicating that their dog — a small, “quiet” schnauzer — was walked from the brownstone premises there involved at an unspecified time or times once a day for a five-day period and that the dog was “boarded” elsewhere for an identified time period thereafter. Since the dog in Gidina was only in “open view” on a few “isolated occasions,” and given the absence of any showing that the dog’s presence inside the apartment was “otherwise detectible,” we found the trial proof in that case insufficient to support a knowing waiver on the landlord’s part. Thus, Gidina is clearly distinguishable on its facts from the case at hand, where the occupancy of tenant’s cats must have been known to *50 the predecessor owner, whose agents and employees regularly entered the interior of tenant’s apartment. Contrary to the view expressed by the court below on “reargument,” nothing in the language of our decision in Gidina reflects an intention to adopt a different evidentiary standard for “owners of smaller dogs and other smaller animals” than applies to “owners of larger animals.” Nor can Gidina be read to implicitly overrule prior case law, properly relied upon by the court in its initial written decision, holding that a waiver under the Pet Law is effectuated where, as here, the presence of a “house pet” is known or readily knowable to a building owner, even though the animal is not publicly displayed (see Matter of Robinson v City of New York, 152 Misc 2d 1007, 1010-1011 [1991]).