BRG 321 LLC, Petitioner-Landlord-Appellant,
against
Leslie Hirschorn, Respondent-Tenant-Respondent, -and- Frederico DiMattia, Respondent-Tenant.



Landlord, as limited by its briefs, appeals from that portion of a final judgment of the Civil Court of the City of New York, New York County (Phyllis K. Saxe, J.), entered on or about June 18, 2015, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Phyllis K. Saxe, J.), entered on or about June 18, 2015, insofar as appealed from, affirmed, with $25 costs.
The record amply supports the trial court's findings, based in part on credibility determinations (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 54 {1997]), that the long-term stabilized tenant maintains her primary residence at the subject East 22nd Street apartment. The apartment is listed on various important documents, including tenant's driver's license, voter registration records, W-2 forms, and bank and credit card statements; and tenant's credited testimony established that she sleeps most nights in the apartment, where her clothing and personal belongings are kept, and receives mail there. Although tenant's bank and credit card statements also showed charges and activities that overwhelmingly occurred in Westchester County, tenant explained, and the court expressly found, that tenant's "job on a daily basis is to look after and attend to the needs of her aged mother and adult disabled brother, both of whom live in Westchester," and that "most every evening . . . [tenant] leaves Westchester and returns by car to sleep in her studio apartment in Manhattan." It was within the province of the court, as factfinder, to credit tenant's testimony, specifically noting landlord's failure to "effectively controvert . . . [tenant's] claim that she returned most nights to the apartment to have some sort of life'" (see 300 East 34th St. Co. v Habeeb, 248 AD2d at 56).
"[D]ue regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (Universal Leasing Services v Flushing Hae Kwan Rest., 169 AD2d 829, 830 [1991]). Based on the documentary and credited [*2]testimonial evidence presented, it cannot be said that Civil Court's decision was not a fair interpretation of the evidence.
Whether to draw a negative inference from tenant's failure to call her estranged husband as a witness was within the Court's discretion (see 318 East 93, LLC v. Ward, 276 AD2d 277, 278 [2000]), and we find no abuse of that discretion here. We have considered landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 27, 2016