585 West 204th LLC, Petitioner-Landlord-Appellant,
against
Nestor Peralta, Jose Peralta, and "Jane Doe," Respondents-Occupants-Respondents.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered on or about March 17, 2015, after a nonjury trial, in favor of respondent Nestor Peralta and dismissing the petition.




Per Curiam. 
Final judgment (Sabrina B. Kraus, J.), entered on or about March 17, 2015, affirmed, without costs.
The trial court's determination that respondent Nestor Peralta, the son of the deceased rent controlled tenant, met his affirmative obligation to establish succession rights to the subject rent controlled apartment premises (see New York City Rent and Eviction Regulations [9 NYCRR] §2204.6[d]) represents a fair interpretation of the evidence, and is not disturbed (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]; 318 E. 93 v Ward, 276 AD2d 277 [2000]). The record supports the finding that respondent primarily resided in the apartment with the original statutory tenant - his mother - from his birth until tenant's death in 1997, including the requisite two-year period immediately prior to her death. The trial court was warranted in accepting the "very credible" testimony of respondent, particularly since that testimony was essentially unrebutted by any witness with factual knowledge (see 300 East 34th St. Co. v Habeeb, 248 AD2d 50, 56 [1997]; Morton St. Assoc., v Volpe, 19 Misc 3d 126[A], 2008 NY Slip Op 50483[U][App Term, 1st Dept. 2008]). In these circumstances, the minimal documentary evidence presented by petitioner does not preponderate over the plausible and fully credited testimonial evidence (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]).
Petitioner's contention that respondent waived his succession claim based upon claimed "fraudulent" conduct is without merit (cf. South Pierre Assoc. v. Mankowitz, 17 Misc 3d 53 [2007] [succession claim deem waived where respondent, inter alia, forged the deceased tenant's name on seven rent stabilized renewal leases for nearly 13 years]). Notably, the trial court expressly found that landlord's predecessors "clearly were on notice at least by 2010, if not earlier, that tenant was deceased." We also reject, as did the trial court, petitioner's claim that [*2]respondent subsequently abandoned his succession claim by his temporary absences from the apartment after his mother's death.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2016