92 Allen LLC, Petitioner-Appellant,
against
Kei Nui Lee Chan, Whitman Chan a/k/a Wai Man Chan, Respondents-Respondents, - and - John Doe and Jane Doe, Respondents.



Petitioner, as limited by its brief, appeals from that portion of a final judgment of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered on or about August 13, 2015, after a nonjury trial, which dismissed the petition against respondent Kei Nui Lee Chan in a holdover summary proceeding.




Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered on or about August 13, 2015, insofar as appealed from, affirmed, without costs.
The trial court correctly determined that the subject apartment, though subject to rent stabilization at the 1972 inception of the tenancy, reverted to rent control in 1984, pursuant to an agency expulsion order terminating the owner's membership in the Rent Stabilization Association (see generally Matter of Oriental Blvd. Co. v New York City Conciliation & Appeals Bd., 92 AD2d 470 [1983], affd 60 NY2d 633 [1983]).
The court's fact-based determination that respondent Kei Nui Lee Chan, the wife of the deceased rent controlled tenant (David Chan), met her affirmative obligation to establish succession rights to the subject rent controlled tenancy (see New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6[d]), represents a fair interpretation of the evidence (see 318 E. 93 v Ward, 276 AD2d 277 [2000]). The trial evidence showed, and the court expressly found, that respondent "lived in the subject premises continually from the inception of the tenancy until the time of [David's] death, a total of forty-three years" (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]; Matter of Tener v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 159 AD2d 270 [1990]). Nor do we have cause to disturb the court's finding that David only permanently vacated the apartment upon his death in 2009 (see Matter of RSL 53-55 E. 95th LLC v New York State Div. of Hous. & Community [*2]Renewal, 137 AD3d 572 [2016]).
Although not argued by respondent, the undisputed evidence would also support a finding that respondent was a rent controlled tenant of the premises with David, inasmuch as both were in possession of the subject apartment at the time of the 1984 reversion order and, indeed, since the inception of the tenancy (see New York City Rent and Eviction Regulations [9 NYCRR] §§ 2200.2[o]; see Matter of Herzog v Joy, 74 AD2d 372 [1980], affd 53 NY2d 821 [1981]). Consequently, on these sui generis facts, a licensee holdover proceeding does not lie.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 04, 2016