53-63 Partners LP, Petitioner-Appellant, 
against
Aquanetta H. Wright, "John Doe" Respondents-Respondents.




Petitioner appeals from a final judgment of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered on or about July 18, 2018, after a nonjury trial, which dismissed the petition in a holdover summary proceeding.




Per Curiam. 
Final judgment (Anne Katz, J.), entered on or about July 18, 2018, affirmed, with $25 costs.
Upon the trial of this licensee-holdover proceeding, the Court dismissed the petition, concluding that respondent Aquanetta H. Wright was entitled to succeed to the rent stabilized apartment formerly occupied by her mother. In reaching this conclusion, the trial court mistakenly stated that petitioner, rather than respondent, bore the burden of proof on the succession issue (see Rent Stabilization Code [9 NYCRR] § 2523.5[e]; South Pierre Assoc. v Mankowitz, 17 Misc 3d 53, 54 [App Term, 1st Dept 2007]). Reliance upon certain documentary evidence that was contained in the case file, but never marked as an exhibit or presented to the trial court, was also erroneous (see Dani Michaels, Inc. v Design 2000, NY, 4 AD3d 193 [2004]). 
In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Thus, notwithstanding the aforementioned errors of the trial court, we have the power and the duty to review the record and render the verdict that the trial court should have pronounced (see Pordy v Scot Serv. Co., 15 AD2d 911 [1962]). Exercising this authority, and accepting the credibility determinations made by the trial court, we conclude that respondent met her affirmative obligation to establish succession rights to the subject rent stabilized apartment (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]) and therefore affirm.
The credited testimony of respondent, as well as the documentary evidence actually admitted, established that respondent primarily resided with the record tenant, her mother, at the subject Manhattan stabilized apartment for the requisite two-year period immediately preceding the tenant's death in May 2015 (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458, 459 [2015], lv dismissed 25 NY3d 1221 [2015]; Morton St. Assoc., LLC v Volpe, 19 Misc 3d [*2]126[A], 2008 NY Slip Op 50483[U] [App Term, 1st Dept 2008]), and that respondent, in fact, moved into the apartment in 2011 to care for her then ailing mother. Landlord failed to produce any witnesses to rebut the credited testimony (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 56 [1997]).
Nor did the limited documentary evidence presented by petitioner preponderate over the plausible and credited testimonial evidence (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]), since the trial court, which was in the best position to assess the credibility of witnesses, credited respondent's explanation for her "remaining connection" to Newburgh, New York, during the summer months (see generally Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]; Zevrone Realty Corp. v Irving, 63 Misc 3d 141[A], 2019 NY Slip Op 50587[U][App Term, 1st Dept 2019]). 
We also find no abuse of the trial court's discretion in declining to draw a negative inference from respondent's failure to call her mother's visiting nurse as a witness (see 318 E. 93 v Ward, 276 AD2d 277, 278 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019