553 W. 144th LLC, Petitioner-Landlord-Appellant,
against
Rosario Veras, as Voluntary Administrator of the Estate of Francisca Morales, Respondent-Licensee-Respondent, and "John Doe" and "Jane Doe," Respondents-Underlicensees.




Petitioner appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered May 8, 2018, after a nonjury trial, which dismissed the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean Schneider, J.), entered May 8, 2018, affirmed, with $25 costs.
The trial court's determination that respondent Ramon Fena, the son-in-law of the deceased rent stabilized tenant, met his affirmative obligation to establish succession rights to the subject rent stabilized apartment premises (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1], [e][3]) represents a fair interpretation of the evidence, and is not disturbed (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458, 459 [2015], lv dismissed 25 NY3d 1221 [2015]; 318 E. 93 v Ward, 276 AD2d 277 [2000]). The trial court was warranted in accepting the "credible" testimony of respondent and his witnesses, including the building's former superintendent, that respondent sold his house in Queens and primarily resided with the record tenant at the subject apartment from 2005 until her death in 2014, including the requisite two-year period immediately prior to tenant's death (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 56 [1997]).
That certain documentation listed respondent's address as apartment "4" rather than the subject apartment "3" is not dispositive (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]), since the trial court, which was in the best position to assess the credibility of witnesses, credited respondent's explanation for the alleged discrepancy, i.e., that respondent temporarily relocated to the adjacent apartment occupied by other family members when the subject apartment was undergoing building-wide renovations financed by the City of New York [*2](see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]; Zevrone Realty Corp. v Irving, 63 Misc 3d 141[A], 2019 NY Slip Op 50587[U][App Term, 1st Dept 2019]). Nor does the trial court's erroneous reliance on certain documentary evidence in the form of Bank of America statements that were contained in the case file, but never marked as an exhibit or presented to the trial court (see Dani Michaels, Inc. v Design 2000, NY, 4 AD3d 193 [2004]), alter our conclusion, since we have the power and the duty to review the record and render the verdict that the trial court should have pronounced (see Pordy v Scot Serv. Co., 15 AD2d 911 [1962]).
We have considered petitioner's remaining contention and find it unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019