Hecsomar Realty Corp., Petitioner-Appellant,
against
Alexis Camarena, Respondent-Respondent.




Petitioner appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about June 4, 2019, after a nonjury trial, in favor of respondent dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about June 4, 2019, affirmed, with $25 costs.
The trial court's determination that respondent Alexis Camarena, the granddaughter of the deceased tenant, met her affirmative obligation to establish succession rights to the subject rent stabilized apartment premises (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1], [e]) represents a fair interpretation of the evidence, and is not disturbed (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458, 459 [2015], lv dismissed 25 NY3d 1221 [2015]; 318 E. 93 v Ward, 276 AD2d 277 [2000]). The testimony of respondent and her witnesses, and the documentary evidence, including voter registration, DMV records and bank statements, supported the finding that respondent primarily resided with the tenant at the subject apartment since May 2013, including the requisite two-year period immediately prior to tenant's February 20, 2016 death.
While certain documentation linked respondent to another residence, including an April 2015 lease that respondent signed with three friends, the trial court, which was in the best position to assess the credibility of witnesses, credited respondent's explanation for the discrepancy (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]). Although an appellate court's authority in reviewing a nonjury determination is as broad as that of the trial court, we must take into account that in a close case such as this, the trial judge has the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
Nor do we find any abuse of the trial court's discretion in declining to draw a negative [*2]inference from respondent's failure to call any of three individuals who signed that other lease with respondent (see 318 E. 93 v Ward, 276 AD2d at 278).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 4, 2020