631 Edgecombe, LP v Walker (2020 NY Slip Op 51395(U))

[*1]

631 Edgecombe, LP v Walker

2020 NY Slip Op 51395(U) [69 Misc 3d 145(A)]

Decided on November 20, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570144/20

631 Edgecombe, LP,
Petitioner-Landlord-Appellant,
against
Ronald Walker, Respondent-Respondent, and Sharday Bernal, Ronald
Polson, "Ronnie Doe" and "Jane Doe," Respondents.

Petitioner appeals from an order of the Civil Court of the City of New York, New York
County (Michelle D. Schreiber, J.), entered on or about September 6, 2018, after a nonjury trial,
in favor of respondent Ronald Walker dismissing the petition in a holdover summary
proceeding.

Per Curiam.
Order (Michelle D. Schreiber, J.), entered on or about September 6, 2018, affirmed, with $10
costs.
A fair interpretation of the evidence supports the trial court's finding that respondent Ronald
Walker, the son of the deceased rent stabilized tenant, primarily resided with the tenant of record
for two years immediately prior to her death in March 2016, so as to entitle respondent to
succession rights (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]; WSC Riverside Dr. Owners LLC v
Williams, 125 AD3d 458, 459 [2015], lv dismissed 25 NY3d 1221 [2015];
318 E. 93 v Ward, 276 AD2d 277 [2000]). This finding is amply supported by
testimonial evidence from respondent and his witnesses, which the trial court expressly credited,
and documentary evidence connecting respondent to the apartment, such as his driver's license,
social security and health insurance statements and prescription receipts. The absence of certain
other documentation, such as respondent's tax returns and cell phone records, is not dispositive,
since the court accepted his excuse for failing to produce such records, i.e., he lacked assets and
did not file tax returns, and "there is a preponderance of credible personal testimony" (300 E.
34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997]).
Contrary to petitioner's contention, neither the documentation from the Human Resources
Administration (HRA) indicating that respondent was "undomiciled" or "homeless" for purposes
of receipt of food stamps under the Supplemental Nutrition Assistance Program (SNAP), nor
respondent's mother's nursing home records, which contained inconsistent references to
respondent's residence, warrant a contrary result. No single factor is dispositive of the issue of
primary residence (see Rent Stabilization Code § 2520.6[u]), and the HRA
documents and nursing home records did not preponderate over the credible testimony and other
proof connecting respondent to the subject apartment for actual living purposes (see 23 Jones
St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]). 
In reaching our conclusion, we reject petitioner's contention that the information in the HRA
records as to respondent being undomiciled or homeless should be treated as outcome
determinative as to respondent's primary residence, rather than one of many factors to be
considered. The cases relied upon by petitioner, such as Katz Park Ave. Corp. v Jagger
(11 NY3d 314, 317 [2008] [tenant's status as holder of a B-2 tourist visa logically
incompatible with primary residence in New York]), and Matter of Ansonia Assoc. L.P. v Unwin (130 AD3d 453, 454
[2015] [tenant's tax returns on which she deducted her entire rent as a business expense logically
incompatible with primary residence]), are factually inapposite and do not compel a contrary
result. Unlike those cases, here, no testimony or other evidence was adduced to show that the
information in the records was based upon respondent's sworn declarations that he resided
elsewhere (see Matter of Brookford,
LLC v New York State Div. of Hous. & Community Renewal, 142 AD3d 433, 435
[2016], affd 31 NY3d 679 [2018]). In any event, assuming arguendo, that respondent
made declarations to HRA that he was undomiciled or homeless, petitioner failed to show that
such declarations are logically incompatible with a determination of "primary residence" - a term
the Rent Stabilization Code does not define except to say that "no single factor shall be solely
determinative," and to list "evidence which may be considered" in making the determination
(RSC § 2520.6[u]).
Finally, petitioner waived any right to a missing witness inference for respondent's failure to
call any building tenants as witnesses by failing to timely request it at trial (see Spoto v
S.D.R. Constr., 226 AD2d 202, 204 [1996]). In any event, the inference that a trier of fact
would draw from a missing witness charge is not mandatory, but merely permissive (see 318
E. 93 v Ward, 276 AD2d at 278).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 20, 2020