Kevco Group LLC v Simmons (2021 NY Slip Op 50471(U))

[*1]

Kevco Group LLC v Simmons

2021 NY Slip Op 50471(U) [71 Misc 3d 139(A)]

Decided on May 24, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570024/21

Kevco Group LLC,
Petitioner-Landlord-Appellant, 
against
Sonya Simmons a/k/a Sonya M. Rogers,
Respondent-Tenant-Respondent.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New
York County (Jean T. Schneider, J.), entered on or about July 31, 2018, after a nonjury trial, in
favor of tenant dismissing the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about July 31, 2018, affirmed, with $25
costs.
In this summary holdover proceeding to recover possession of a rent-stabilized apartment on
the ground that it had not been occupied as a primary residence, Civil Court determined, after a
nonjury trial, that landlord failed to meet its burden to establish nonprimary residency by a
preponderance of the evidence. We see no basis to disturb Civil Court's resolution of the issues
of fact raised at the trial of this matter since it is not "obvious that the court's conclusion could
not be reached under any fair interpretation of the evidence, especially when the findings of fact
rest in large measure on considerations relating to the credibility of witnesses" (Claridge
Gardens v Menotti, 160 AD2d 544, 545 [1990]). The testimonial evidence of tenant and her
seven witnesses demonstrated that she maintained an ongoing substantial physical nexus to the
subject West 150th Street apartment for actual living purposes (see Glenbriar Co. v
Lipsman, 11 AD3d 352, 353 [2004], affd 5 NY3d 388 [2005]), and that she "never
lived" at her estranged husband's studio apartment. The documentary evidence referencing other
addresses, such as tenant's joint tax returns and voter registration, did not preponderate over the
credited testimony of tenant and her witnesses (see 310 E. 23rd LLC v Colvin, 41 AD3d
149 [2007]; 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997]; see also 23 Jones
St. Assoc. v Keebler-Beretta, 284 AD2d 109, 109 [2001]).
We acknowledge, as did the trial court, that the record contains troubling evidence that
tenant simultaneously maintained a second rent stabilized apartment, located at 169 Manhattan
[*2]Avenue, for a significant period of time. Courts in this
Department have voiced severe disapproval of this type of misuse of rent regulated space (see
e.g., Cox v J.D. Realty Assoc., 217 AD2d 179, 185 [1995] ["A tenant of a stabilized
apartment who maintains a primary residence elsewhere, and also seeks to retain the stabilized
apartment for convenience or for considerations of personal gain, is not one who is a victim of
the housing crisis but may rather be said to be a contributing and exacerbating factor in the
continuation of the critical shortage of affordable apartments" [internal quotation marks and
citation omitted]). However with respect to this other apartment, the trial court, which was in a
superior position to assess the credibility of witnesses, expressly found that tenant "stopped
living" at that Manhattan Avenue apartment in 1988, following which it was occupied by her
"troubled brother" and a "work friend." Since we have no basis to disturb the experienced trial
judge's credibility based findings, and in view of the Rent Stabilization Code prescription that
"no single factor shall be solely determinative" of primary residence (Rent Stabilization Code [9
NYCRR] § 2520.6[u]), we affirm.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: May 24, 2021