OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about May 30, 2012, reversed, with $30 costs, and final judgment awarded to petitioner on the holdover petition. Issuance of the warrant of eviction shall be stayed for 30 days from service of a copy of this order with notice of entry.
Based upon our review of the trial evidence in its entirety, and in the exercise of our authority to render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we conclude that respondent Williams failed to meet his “affirmative obligation” of establishing succession rights to the subject rent-controlled apartment as a nontraditional family member of the deceased tenant. While respondent and tenant lived together in a close relationship at one time, it is undisputed that the relationship waned and respondent moved out of the apartment in the early 1990s. During the ensuing decade, respondent lived elsewhere, had children with two different women, and was married and divorced. Although respondent alleged that he subsequently rekindled his relationship with tenant and moved back into the apartment at some point in 2002, the exact nature of respondent’s living arrangements during the two-year period prior to tenant’s November 2010 death is unclear, particularly since, for many years (and during the relevant two-year period), respondent leased an apartment on Horatio Street in Manhat *65 tan, where he admittedly maintained a daily presence and kept his clothing and other personal items, and listed that address on several important documents, including banking and credit card statements and Medicare and voter registration records.
Critical also is the conspicuous absence from respondent’s evidentiary submissions of any evidence tending to show that respondent and the deceased tenant intermingled their finances or formalized legal obligations (see GSL Enters. v Lopez, 239 AD2d 122 [1997]). It is telling in this regard that the two maintained no joint bank accounts or credit cards; respondent knew “nothing in much detail” about tenant’s savings and had no idea how much money tenant had when she died; and tenant paid all bills and rent for the subject premises. The parties’ joint purchase of a cooperative apartment elsewhere does not warrant a contrary result, at least on this record, which shows that tenant made a relatively modest ($9,000) investment in connection with that 1988 purchase, that respondent has kept all rental income derived from that property, and, indeed, that respondent thereafter vacated the subject apartment and lived elsewhere and with others for a substantial time period.
Torres, J.E, Schoenfeld and Shulman, JJ., concur.