■ WSC RIVERSIDE DRIVE OWNERS LLC, Respondent, v OLIVER WILLIAMS, Appellant. [3 NYS3d 342]—

Order of the Appellate Term of the Supreme Court, First Department, entered December 19, 2013, which reversed an order of the Civil Court, New York County (Sabrina B. Kraus, J.), entered on or about May 30, 2012, and, upon reversal, granted landlord's holdover petition seeking denial of respondent's succession to a rent controlled tenancy, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding dismissed. The Clerk is directed to enter judgment accordingly.

The evidence presented to the trial court amply supported its conclusion that respondent's relationship with the now deceased tenant of record, Ms. Singer, was that of a family member entitled to succeed Singer's rent controlled tenancy pursuant to 9 NYCRR 2204.6 (d) (3). Respondent lived with Singer for eight years prior to her death. The two relied upon each other for payment of household expenses. They shared holidays and birthday celebrations, traveled together for summer and weekend vacations and traditionally ate their meals together in the subject apartment. The trial court credited the testimony of friends and neighbors who described respondent and Singer as a couple that some believed or assumed were married. Further, respondent and Singer took care of each other. Notably, during the last two years of Singer's life, respondent spent substantial time caring for her as she struggled with depression and bouts of colitis. Hospital records listed respondent as Singer's "partner" and he signed consent forms for her as a "personal representative."

While respondent and Singer maintained separate bank accounts and credit cards, they owned an apartment together and relied on each other to pay expenses wherein respondent paid for household expenses such as groceries, supplies and the rent when Singer was unable to pay due to debilitating depression. As such, the modest intermingling of finances does not negate the conclusion that Singer and respondent had a family-like relationship. It is important to note that in considering whether a person may be considered a "family member" for the purpose of succession, "no single factor shall be solely determinative" (9 NYCRR 2204.6 [d] [3] [i]).

Moreover, the factual findings of the trial court should not be disturbed upon appeal unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence. This is especially true when considering findings of fact that rest largely on the credibility of witnesses (*Claridge Gardens v Menotti*, 160 AD2d 544, 544-545 [1st Dept 1990]; *Nightingale Rest. Corp. v Shak Food Corp.*, 155 AD2d 297 [1st Dept 1989], *lv denied* 76 NY2d 702 [1990]). Here, the record presents facts showing that the couple held themselves out to society as a family unit, and that this impression was substantiated by a caring, long term emotional, and financial commitment and interdependence (*see Braschi v Stahl Assoc. Co.*, 74 NY2d 201, 212-213 [1989]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ. **[Prior Case History: 42 Misc 3d 63.]**