Bertram R. Budhu, Petitioner-Landlord-Appellant, G
against
regorio Castro, Respondent-Tenant-Respondent, -and- Gregorio Castro, Jr., and Joseph Maldonado, Respondents-Undertenants-Respondents.



Landlord appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Andrew Lehrer, J.), entered August 9, 2012, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Andrew Lehrer, J.), entered August 9, 2012, affirmed, without costs.
On a bench trial, the decision of the fact-finding court "should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Claridge Gardens v Menotti, 160 AD2d 544, 545 [1990], quoted in Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; see also WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]). Applying that standard of review here, and considering what the trial court aptly described as the "paucity of documentary evidence" presented by landlord and the "inconclusive" evidence of tenant's utility usage, as well as the court's negative assessment of landlord's credibility, we find no basis to disturb the court's ultimate finding that landlord "failed to meet his burden of proof" that tenant did not use the subject rent controlled apartment as a primary residence (see Glenbriar Co. v Lipsman, 5 NY3d 388, 392 [2005]). Notable in this regard is the absence from landlord's trial submission of many of the documents typically relied on to establish (non)primary residence (see GLD Realty Corp. v Williams, 48 Misc 3d 136[A], 2015 NY Slip Op 51114[U] [App Term, 1st Dept 2015]), as well as the dichotomy between landlord's notice of termination, which alleged that tenant voted from and maintained utilities, banking records, credit card accounts and insurance at an alternate address, and the trial record, which contained no evidence whatsoever to support such assertions. The fact that the long term (nearly 40-year) rent controlled tenant, some 82 years in age, frequently visited a nearby apartment of his (now former) girlfriend, while [*2]relevant, does not, on this record, compel a finding of nonprimary residence (see 310 E. 23rd LLC v Colvin, 41 AD3d 149 [2007]; Patchin Place v Fox, 3 Misc 3d 127[A]; 2004 NY Slip Op 50327[U] [App Term, 1st Dept. [2004]), particularly given his "credible" testimony that he "always returned to his own apartment after each visit."
We have considered landlord's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 27, 2016