■ SECOND 82ND CORP., Appellant, v RAYMOND ROBIN
VEIDERS, Respondent, et al., Respondents. [46 NYS3d 63]—

Order, Appellate Term of the Supreme Court, First Depart-
ment, entered April 28, 2016, affirming a judgment of the Civil
Court, New York County (Sabrina B. Kraus, J.), entered on or
about October 14, 2014, after a nonjury trial, dismissing the
petition in this holdover proceeding, unanimously affirmed,
without costs.

The trial court's determination that respondent tenant's
absence from his rent-stabilized apartment for more than 183
days per year during the relevant period was excusable (see
Rent Stabilization Code [9 NYCRR] §§ 2520.6 [u]; 2523.5 [b] [2]
[vi]; 2524.4 [c]) and is supported by a fair interpretation of the
evidence, including the credible testimony of respondent and
his sister that respondent returned to the apartment periodi-
cally, did not remove his personal belongings from the premises,
never sublet the apartment, and paid New York City self-
employment taxes (see 409-411 Sixth St., LLC v Mogi, 22 NY3d
875 [2013]). The record shows that respondent listed the apart-
ment as his address on his federal, state, and city tax returns,
among numerous other documents filed with public agencies
(see 9 NYCRR 2520.6 [u] [1]). While the record also includes
documents on which respondent listed his mother's residence
in Clarence, New York, as his address, the trial court, which
was in a position to assess the credibility of witnesses, credited
respondent's explanation for the discrepancy (see 300 E. 34th
St. Co. v Habeeb, 248 AD2d 50, 55 [1st Dept 1997]). Concur—

Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.