710 Madison Avenue LLC, Petitioner-Landlord-Appellant, 
against
Christopher Hicks, Respondent-Tenant-Respondent.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered November 10, 2016, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered November 10, 2016, affirmed, with $25 costs.
In this summary holdover proceeding to recover possession of a rent-stabilized apartment on the ground that it had not been occupied as a primary residence, Civil Court dismissed the petition, after a nonjury trial, finding that the long-term (40—year) tenant's absence from the apartment was excusable for primary residence purposes. The court's fact-based determination that tenant's absence was excusable (see Rent Stabilization Code [9 NYCRR] §§ 2520.6[u], 2523.5[b][2][vi]), represents a fair interpretation of the evidence (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]; 542 E. 14th St. LLC v Lee, 66 AD3d 18, 20-21 [2009]), based as it was on such factors as tenant's provision of care to his ailing parents in Georgia, who subsequently died within one month of each other, and tenant's remaining in Georgia to wind up their estates (see Second 82nd Corp. v Veiders, 146 AD3d at 696). As the trial court expressly found, tenant's "time in Georgia was required solely to take care of his parents' affairs and that he never intended to relocate to Georgia." In addition, during his absence, tenant listed the apartment as his address on his parents' health directives, his father's power of attorney and death certificate, and the petitions to probate his parents' estates. Tenant also received his banking and investment statements at the apartment. Nor was there any evidence that tenant removed his personal belongings from the premises or sublet the apartment.
While the record also includes documents referencing tenant's house in upstate New York, the trial court, which was in a position to assess the credibility of witnesses, credited tenant's testimony that the house is a second residence used on weekends, and further credited tenant's explanation as to why that upstate residence was reflected on certain important [*2]documents (see 310 E. 23rd LLC v Colvin, 41 AD3d 149 [2007]; 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997]; see also 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109, 109 [2001] [documentary evidence "does not necessarily preponderate over inconsistent testimonial evidence"]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 03, 2017