Zevrone Realty Corp., Petitioner-Appellant, 
against
Fern Renee Irving, Respondent-Respondent, and Nigel Edward Irving, Respondent, and "John Doe" and/or "Jane Doe," Respondent-Undertenant.



Petitioner appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Miriam M. Breier, J.), entered on or about August 9, 2017, after a nonjury trial, which dismissed the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Miriam M. Breier, J.), entered on or about August 9, 2017, affirmed, with $25 costs.
The trial court's fact-laden determination that respondent Fern Renee Irving, the sister of the deceased rent stabilized tenant, met her affirmative obligation to establish succession rights to the subject rent stabilized apartment premises represents a fair interpretation of the evidence, and is not disturbed (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458, 459 [2015], lv dismissed 25 NY3d 1221 [2015]). The record supports the finding that respondent "resided with" her mother and brother, the now-deceased successive stabilized tenants, in the subject apartment for "her entire adult life," including the requisite two-year period immediately prior to her brother's death in June 2015 (Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]). The trial [*2]court was warranted in accepting the "credible testimony" of respondent and her witnesses and to reject as "not credible" the testimony of petitioner's sole witness, its managing agent, that respondent "frequented" or visited the building often, but did not live in the subject apartment (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50 [1997]).
That certain documentation, including respondent's New York State non-driver identification card issued May 7, 2014, listed a different Bronx address, is not dispositive (see 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109 [2001]). The trial court, which was in a position to assess the credibility of witnesses, credited respondent's explanation for the discrepancy (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]; 300 E. 34th St. Co. v Habeeb, 248 AD2d at 55).
Nor was the different address on respondent's non-driver identification card logically incompatible with her claim of primary residence at the subject apartment (see generally 47 HK Realty, LLC v O'Leary, 55 Misc 3d 129[A], 2017 NY Slip Op 50384[U][App Term, 1st Dept 2017]). It is but one factor to be considered (see RSC § 2520.6[u][no single factor "shall be" dispositive of the issue of primary residence]; Matter of 92 Cooper Assoc., LLC v Roughton-Hester, 165 AD3d 416 [2018]). The cases relied upon by landlord, such as Katz Park Ave. Corp. v Jagger, 11 NY3d 314, 317 (2008) (primary residence logically incompatible with tenant's status as holder of a B-2 tourist visa) and Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453, 454 (2015) (primary residence logically incompatible with tenant's tax returns on which she deducted her entire rent as a business expense), are factually inapposite and do not compel a contrary result.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 22, 2019