Columbus Manor, LLC, Petitioner-Landlord-Appellant, 
against
Linda Turnbull, Respondent-Tenant-Respondent, and Brendan Rau, "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord appeals from a final judgment and an amended final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered, respectively, on or about August 6, 2018 and August 10, 2018, after a nonjury trial, in favor of tenant dismissing the petition in a holdover summary proceeding.




Per Curiam.
Amended final judgment (Jean T. Schneider, J.), entered on or about August 10, 2018, affirmed, with $25 costs. Appeal from final judgment (same court and Judge), entered on or about August 6, 2018, dismissed, without costs, as superseded by the amended judgment.
The trial court's fact-based determination that tenant's absence from her rent-stabilized apartment was temporary and excusable (see Rent Stabilization Code [9 NYCRR] §§ 2520.6[u][3], 2523.5[b][2][iv]) is supported by a fair interpretation of the evidence, including the "credible" testimony of tenant that, while she lived in the subject apartment for most her life, she was required to relocate for work to her employer's headquarters in San Antonio, Texas, for a definite period or face forfeiture of her signing bonus (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]; 542 E. 14th St. LLC v Lee, 66 AD3d 18, 20—21 [2009]). The trial record shows that tenant continued to list the Manhattan apartment as her address on her federal, state and city tax returns, W-2 statements, driver's license and motor vehicle registration, among other documents filed with public agencies (see 9 NYCRR 2520.6[u][1]); continued to pay resident income taxes and voted in New York City; returned to the subject apartment periodically during her time in Texas; and returned to New York City after her employment commitment was met. 
While the record includes documents referencing two accounts on which tenant listed a Texas address, the trial court, which was in a position to assess the credibility of witnesses, credited tenant's explanation for the discrepancy (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, [*2]55 [1997]). That tenant sublet her apartment to her sister and brother-in-law for a portion of her temporary absence is not dispositive and does not compel a finding of nonprimary residence under the particular circumstances of this case (see Rent Stabilization Code [9 NYCRR] § 2520.6[u][4]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 30, 2019