Missouri Assets LLC d/b/a 935 Nick, Petitioner-Appellant, 
against
Ralph Poinvil, Respondent-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.




Petitioner appeals from a final judgment of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered on or about May 22, 2018, after a nonjury trial, which dismissed the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Anne Katz, J.), entered on or about May 22, 2018, affirmed, with $25 costs.
The evidence presented to the trial court amply supported its conclusion that respondent's relationship with the now-deceased tenant of record, Shirley Melton, was that of a family member as defined in Rent Stabilization Code [9 NYCRR] § 2520.6[o][2]). Respondent spent time with Melton, a close family friend, since he was a child and grew closer to Melton after his mother died. As Melton grew older and was having difficulty living on her own, respondent and his family moved into the apartment with Melton. During the two years prior to Melton's admission to a nursing home, respondent and Melton resided together in a familial-type relationship, or as the trial court described, a relationship with "a deep undeniable emotional connection as well as a financial commitment." They engaged in daily activities and celebrated holidays together; respondent helped Melton physically, accompanied her to doctors appointments, picked up her prescriptions and ensured that she took her medications; respondent's wife assisted Melton with bathing and dressing; respondent was entrusted with Melton's bank card so that he could withdraw cash to make purchases for her, pay her bills, and reimburse himself for payments he had made; and respondent was Melton's power of attorney and proxy for medical orders for life sustaining treatment (see Matter of 530 Second Ave. Co., LLC v Zenker, 160 AD3d 160 [2018]; WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]). In the particular circumstances of this case, the [*2]modest intermingling of finances does not negate the conclusion that Melton and respondent had a family-like relationship (see Rent Stabilization Code [9 NYCRR] § 2520.6[o][2] ["no single factor shall be solely determinative"]; WSC Riverside Dr. Owners LLC v Williams, 125 AD3d at 459; RHM Estates v Hampshire, 18 AD3d 326, 327 [2005]).
Although petitioner asks this court to substitute its own findings of fact for those of the trial court, who based its decision on the evidence presented, as well as the credibility of the witnesses presenting such evidence, our review of the record convinces us that the decision of the trial court should not be disturbed (see Matter of Poggemeyer, 87 AD2d 822 [1982]).
Petitioner's remaining contentions, to the extent preserved, have been considered and found to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019