Westman Realty Company, LLC, Petitioner-Landlord-Appellant, 
against
Nicholas Cookson, Respondent-Tenant-Respondent.




Petitioner-Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered February 5, 2019, after a nonjury trial, in favor of respondent dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Sabrina B. Kraus, J.), entered February 5, 2019, affirmed, with $25 costs.
The trial court's determination that respondent Nicholas Cookson, the grandson of the deceased rent controlled tenant, met his affirmative obligation to establish succession rights to the subject apartment (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6[d]), represents a fair interpretation of the evidence, and is not disturbed (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]). The record, including the credited testimony of respondent and his 11 witnesses, including two employees of landlord, amply supports the finding that respondent moved into his grandfather's apartment in 2010 after graduating from college and remained there until tenant's death in 2016, including the requisite two-year period immediately prior to his death. The finding was also supported by "significant documentary evidence," including respondent's voting records, driver's licence and motor vehicle registration.
Respondent's extensive travel did not sever his primary ties to the subject apartment, which the court expressly found was respondent's "primary residence and his only residence from late 2010 through the date Tenant died" (see 355 E. 70th Realty Inc. v Sara A.M., 2001 NY Slip Op 40310[U] [App Term, 1st Dept 2001]). Likewise, the fact that respondent spent less than 183 days per year in the apartment in the two years prior to his grandfather's sudden illness and death, was one of many factors to be considered in determining respondent's primary residence; it is not a dispositive factor (see 9 NYCRR § 2200.3[j]; see also Boulder Apts., LLC v Raymond, 59 Misc 3d 141[A], 2018 NY Slip Op 50653[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]) and, on this record, did not preponderate over the "overwhelming[]" evidence showing that respondent maintained an ongoing substantial physical nexus with the apartment for actual living [*2]purposes.
Although petitioner asks this Court to substitute its own findings of fact for those of the trial court, whose decision was based on the evidence presented, as well as the credibility of the witnesses presenting such evidence, our review of the record convinces us that the decision of the trial court should not be disturbed (see Thoreson v Penthouse Intl., 80 NY2d 490 [1992]; Claridge Gardens v Menotti, 160 AD2d 544 [1990]).
We have considered all of petitioner's remaining arguments and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2020