550 Equities LLC, Petitioner-Respondent, 
against
John B. Washington, Respondent-Appellant, -and- Howard L. Washington, Mahoganie Washington, Jania Washington and "John/Jane Doe," Respondents.




Respondent John Washington appeals from a final judgment of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered August 21, 2018, after a nonjury trial, awarding possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Anne Katz, J.), entered August 21, 2018, affirmed, without costs.
The trial court's determination that respondent John Washington, the son of the rent stabilized tenant, failed to meet his affirmative obligation to establish succession rights to the subject apartment (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1], [e][3]), represents a fair interpretation of the evidence and is not disturbed (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458, 459 [2015], lv dismissed 25 NY3d 1221 [2015]). On this record, the trial court was warranted in concluding that respondent failed to establish that he primarily resided with his mother at the subject premises for two years prior to her April 19, 2016 vacatur. Rent receipts showed that respondent resided at another location as of April 24, 2014 and a DHCR form signed by the tenant stated that respondent had moved into the subject premises as of January 28, 2015, less than 16 months before the tenant's permanent vacatur (see generally 320 W. 49 LLC v Conliffe, 62 Misc 3d 143[A], 2019 NY Slip Op 50106[U] [App Term, 1st Dept 2019]).
Nor did respondent establish a succession claim as measured by the alternative one-year co-occupancy requirement applicable to a "senior citizen." A "senior citizen" for rent stabilization succession purposes is defined as "[a] person who is 62 years of age or older" (Rent [*2]Stabilization Code § 2520.6[p]). Here, as properly found by the trial court, respondent was only 61 years old at the time his mother vacated the apartment in mid-April 2016, based on his birth date of May 18, 1954. Thus, respondent did not qualify as a "senior citizen" who resided with the tenant of record as his primary residence for one year immediately prior to his mother's permanent vacatur (see also Rent Stabilization Code § 2523.5[b][1]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 9, 2020