Jopep LLC v Cardo (2024 NY Slip Op 50764(U))

[*1]

Jopep LLC v Cardo

2024 NY Slip Op 50764(U) [83 Misc 3d 129(A)]

Decided on June 25, 2024

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2024
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570124/24

Jopep LLC and Joup LLC,
Petitioners-Landlords-Appellants, 
against
Lisa Cardo, Respondent-Tenant-Respondent, and "John
Doe" and "Jane Doe," Respondents-Undertenants.

Landlords appeal from (1) an order of the Civil Court of the City of New York, New
York County (Alberto M. Gonzalez, J.), dated January 29, 2024, which granted tenant's
motion for a stay of the holdover proceeding pending the resolution of tenant's DHCR
complaint, and (2) from an order (same court and Judge), dated March 21, 2024, which,
upon reargument, adhered to the determination.

Per Curiam.
Orders (Alberto M. Gonzalez, J.), dated January 29, 2024 and March 21, 2024,
reversed, with one bill of $10 costs, tenant's motion denied and matter remanded to Civil
Court for further proceedings on the holdover petition.
Following landlord's service of a notice of nonrenewal, which alleged that the rent
stabilized tenant fails to maintain her primary residence at the 56 Seventh Avenue
apartment, tenant filed a complaint with the Division of Housing and Community
Renewal [DHCR] alleging that landlord failed to offer her a renewal lease. Upon
landlord's commencement of this holdover proceeding, tenant moved for and was granted
a stay pending DHCR's determination.
We reverse. The governing statute provides that a landlord may recover possession
of a rent-stabilized apartment if it "is not occupied by the tenant . . . as his or her primary
residence" (Rent Stabilization Code [RSC] [9 NYCRR] § 2524.4[c]). The stabilized
tenant's primary residence is to be "determined by a court of competent jurisdiction"
(New York City Administrative Code § 26—504[a][1][f]; RSC §
2524.4[c]), not by the DHCR (see Omnibus Housing Act of 1983 (L.1983, ch.
403, § 41-42). Therefore, a stay of this nonprimary residence holdover proceeding
pending DHCR's determination was improper. 
Insofar as tenant argues that she has a valid excuse for her absence from the
premises, [*2]that issue is also resolved by the court
(see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]). RSC §
2520.6(u) lists "evidence which may be considered" in making the determination of
primary residence and subdivision (3) thereof refers to the safe harbor protection of
section 2523.5(b)(2) against loss of primary residence by reason of absence due to certain
conditions such as active military duty, full time studies or hospitalization, plus "other
reasonable grounds." Thus, "the Code allows 
the court
to apply the flexible definition of section 2520.6(u) or the 'other reasonable
grounds' clause of section 2523.5(b)(2) in determining primary residency" (542
E.14th St. LLC v Lee, 66 AD3d 18, 21 [2009] [emphasis added]).
We note that subsequent to the perfection of this appeal, DHCR dismissed the
proceeding commenced by tenant (DHCR Docket No. LR410055RV, [May 31,
2024]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court 
Decision Date: June 25, 2024