BOP MW Residential Affordable LLC v Heard (2025 NY Slip Op 51650(U))

[*1]

BOP MW Residential Affordable LLC v Heard

2025 NY Slip Op 51650(U)

Decided on October 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 22, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570542/24

BOP MW Residential Affordable LLC, Petitioner-Landlord-Respondent, 
against
Janiah T. Heard, Respondent-Tenant-Appellant, and "John Doe" and/or "Jane Doe", Respondents-Undertenants.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Norma J. Jennings, J.), dated August 7, 2024, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.

Per Curiam.
Appeal from order (Norma J. Jennings, J.), dated August 7, 2024, deemed an appeal from the ensuing final judgment (same court and Judge), entered on or about August 7, 2024, and so considered (see CPLR 5520 [c]), final judgment affirmed, without costs.
Giving due deference to the trial court's factual findings and its negative assessment of the credibility of tenant, we sustain the judgment awarded in favor of landlord on the holdover petition (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]). A fair interpretation of the evidence supports the court's finding that tenant was in material noncompliance with the lease since she "fail[ed] to report her income from the [New York City Police Department]," in the Tenant Income Certification and Pre-Lease Acknowledgment and Certification forms, that were submitted in support of her application for the Low Income Housing Tax Credit apartment [LIHTC] (see DD 11th Avenue LLC v Sans, 63 Misc 3d 158[A], 2019 NY Slip Op 50860[U] [App Term, 1st Dept 2019]; 501 W. 41st St. Assoc. v Annunziata, 41 Misc 3d 138[A], 2013 NY Slip Op 51922[U] [App Term, 1st Dept 2013]).
We reject tenant's contention that her NYPD income was not required to be disclosed because it qualified as incremental earnings that resulted from her participation in a local training program. While the Code of Federal Regulations excludes "incremental earnings and benefits resulting to any family member from participation in training programs" from a calculation of "annual income" (24 CFR 5.609 [b] [12] [iv]), tenant still was required to disclose her NYPD employment and income during the application process. Tenant not only failed to disclose that [*2]she began working for the NYPD during the application process, but also failed to disclose her NYPD income on the certification documents, which directed her to disclose her "wages" and "employment income," without qualification.
We have examined tenant's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 22, 2025