Steinberg v Parkash 2454 LLC (2025 NY Slip Op 51812(U))

[*1]

Steinberg v Parkash 2454 LLC

2025 NY Slip Op 51812(U)

Decided on November 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570470/24

Jaime Steinberg, Petitioner-Tenant-Respondent.
against
Parkash 2454 LLC and Ved Parkash, Respondents-Landlords-Appellants, and Department of Housing Preservation & Development, Respondent.

Respondents-landlords appeal from an order of the Civil Court of the City of New York, Bronx County (Malaika Scott-McLaughlin, J.), entered on or about May 15, 2023, after a hearing, which found that respondents-landlords breached the terms of a probationary stipulation, and awarded civil penalties and compensatory damages in a Housing Part (HP) proceeding.

Per Curiam.
Order (Malaika Scott-McLaughlin, J.), entered on or about May 15, 2023, affirmed, with $10 costs.
The stipulation of settlement entered into in this Housing Part proceeding provided, among other things, that respondents-landlords shall not engage in any acts of harassment toward petitioner-tenant, as that term is defined in section 27-2004 (a)(48) of the Administrative Code, during a one-year probationary period, and that respondents-landlords "shall be deemed to have violated" the stipulation if HPD issues a violation under Order No. 507 (leaky roof), Order No. 550 (mold) or Order No. 583 (water leak) during said probationary period.
Civil Court's finding, after a hearing, that respondents-landlords breached the terms of the stipulation rested upon a fair interpretation of the evidence (see Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [2006]), including the HPD violations issued during the probationary period for mold (Order No. 550) and water leak (Order No. 583). The hearing court, which was in a position to assess the credibility of witnesses, rationally rejected respondents-landlords' contention that the mold and moisture conditions in the apartment were caused by petitioner-tenant (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]).
We note that the corrected record on appeal is sufficient to permit appellate review of this matter.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 19, 2025