Reusing v Applebaum (2026 NY Slip Op 50324(U))

[*1]

Reusing v Applebaum

2026 NY Slip Op 50324(U) [88 Misc 3d 131(A)]

Decided on March 17, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 17, 2026
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570010/26

Tim Reusing, Petitioner-Respondent, 
againstSusannah Applebaum f/k/a Susannah Serringer,
Respondent-Appellant.

Respondent Susannah Applebaum appeals from an order of the Civil Court of the City of
New York, New York County (Daniele Chinea, J.), entered September 8, 2025, which granted
petitioner's motion to dismiss her affirmative defenses, for summary judgment of possession and
for a money judgment in the principal sum of $11,622.24, and denied, as moot, respondent's
cross-motion for discovery and to add the building owner as a necessary party, in a holdover
summary proceeding.

Per Curiam.
Appeal from order (Daniele Chinea, J.), entered September 8, 2025, deemed an appeal from
the ensuing final judgment (same court and Judge), entered on or about September 9, 2025, and
so considered (see CPLR 5520 [c]), final judgment affirmed, with $25 costs.
We agree that respondent Applebaum failed to raise any triable issues of fact on her illusory
tenancy defense. The record shows, and it is not disputed, that petitioner subleased his stabilized
Manhattan apartment to respondent, a family friend, without permission of the nonparty landlord.
Respondent was charged the legal rent, which she paid to petitioner; respondent was aware that
her "presence in the apartment was in violation" of petitioner's lease with the landlord;
respondent and her son used key cards in the name of others to access the building; and petitioner
signed renewal leases during the course of the subtenancy.
On these facts, it cannot be inferred that petitioner "improperly profit[ed] by violating the
rent regulations ... the hallmark of an illusory tenancy" (Primrose Mgt. Co. v Donahue,
253 AD2d 404, 405 [1998]). Significantly, petitioner did not engage in any profiteering, since it
is not disputed that he sublet to respondent at the legal rent (see 333 E. 49th Partners, L.P. v Siebert, 23 Misc 3d 132[A], 2009
NY Slip Op 50680 [App Term, 1st Dept 2009]). It also is not disputed that respondent occupied
the apartment and paid petitioner the legal rent for six years, and was then asked to leave in "late
2023," but did not leave. Respondent then met with petitioner in May 2024, at which time
petitioner berated her for not leaving. In this context, respondent's [*2]unsubstantiated contention that petitioner enlisted a "mutual friend
and acquaintance" to extort $10,000 from her in May 2024, as a condition for extending her time
in the apartment, which she did not pay, is insufficient to raise any issue of fact as to whether
petitioner profited from the arrangement.
Nor was any issue of fact raised as to whether landlord had any constructive knowledge of
the subleasing arrangement (see Primrose v Donahoe, 253 AD2d at 405). Respondent
knew the subleasing agreement was unauthorized, she paid rent directly to petitioner, who then
paid landlord, she never notified landlord that petitioner vacated and that she was occupying the
apartment, and she and her son used other people's key card to enter the building (see Square Block Assoc., Inc. v
Fernandez, 29 Misc 3d 138[A], 2010 NY Slip Op 52040[U] [App Term, 1st Dept
2010]). Respondent's text messages to landlord requesting repairs did not identify her by name
and are insufficient to raise any issue of fact concerning landlord's knowledge of the subleasing
arrangement.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 17, 2026