Midway Hotel, Inc. v Forestal (2026 NY Slip Op 50325(U))

[*1]

Midway Hotel, Inc. v Forestal

2026 NY Slip Op 50325(U) [88 Misc 3d 131(A)]

Decided on March 17, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 17, 2026
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570480/25

Midway Hotel, Inc., Petitioner-Respondent,
againstRonald Forestal, Respondent-Appellant, and Jean Forestal, "John Doe
and "Jane Doe", Respondents.

Respondent Ronald Forestal appeals from a final judgment of the Civil Court of the City of
New York, New York County (Eleanora Ofshtein, J.), entered February 3, 2024, after a nonjury
trial, awarding possession to petitioner in a holdover summary proceeding.

Per Curiam.
Final judgment (Eleanora Ofshtein, J.), entered February 3, 2024, affirmed, with $25
costs.
A fair interpretation of the evidence supports the trial court's determination that respondent
Ronald Forestal, the son of the deceased hotel-stabilized tenant, failed to establish a right to
continued occupancy of the subject West 100th Street SRO unit, either as successor to his father's
tenancy (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]), or based upon a
continuous residence in the unit for six months (see RSC § 2520.6 [j], [m]).
Respondent neither called any witnesses nor adduced any documents to support his claims and
the trial court, which was in the best position to assess the credibility of the witnesses, found his
testimony to be "sparse, contradictory, and self-serving" (see Second 82nd Corp. v
Veiders, 146 AD3d 696 [2017]; see also 300 E. 34th St. Co. v Habeeb, 248 AD2d
50, 55 [1997]). Indeed, respondent acknowledged that he spent most of his time at the Bronx
apartments of his sister and girlfriend, and, at best, testified to only occasional occupancy in the
subject hotel unit. In addition, as noted by the trial court, the documents he provided in discovery
showed that "most of the charges from his accounts were made in the Bronx, including the
withdrawals from his TD Bank account, that [*2]the deli and
restaurant and stores he used were in the Bronx, and those locations were within walking
distance of his girlfriend's home and sister's home, in the Bronx." 
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: March 17, 2026