ACP 150 W. End Ave. Assoc. L.P. v Hird

2026 NY Slip Op 50749(U)

May 18, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Rent Regulation--Succession Rights of Nontraditional Family Member

ACP 150 West End Avenue Associates L.P., Petitioner-Landlord-Appellant,

v

Josiane Hird, Respondent-Licensee-Respondent, - and - "John Doe" and "Jane Doe", Respondents-Underlicensees.

Supreme Court, Appellate Term, First Department

Decided on May 18, 2026

570390/26

Present: James, P.J., Brigantti, Perez, JJ.

Petitioner-landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jason P. Vendzules, J.), entered on or about October 31, 2025, after a nonjury trial, dismissing the petition in a holdover summary proceeding.

[*1]

Per Curiam.

Final judgment (Jason P. Vendzules, J.), entered on or about October 31, 2025, affirmed, with $25 costs.

The evidence presented to the trial court amply supported its conclusion that respondent Josiane Hird met her affirmative obligation of establishing succession rights to the subject rent-stabilized apartment as a nontraditional family member of the deceased tenant of record, Philip R. Zinn (see Rent Stabilization Code [9 NYCRR] § 2520.6 [o][2]). Respondent was the tenant's long-term romantic partner, they resided together in the apartment since 1999; they co-managed their business, produced a public access television show, shared household expenses, and cooked and golfed together. Tenant and respondent also simultaneously executed wills, each naming the other as the sole beneficiary and executor, and their NYC Identity Cards each named the other as the emergency contact (see Braschi v Stahl Assoc. Co., 74 NY2d 201, 211 [1989]; see Matter of 530 Second Ave. Co., LLC v Zenker, 160 AD3d 160 [2018]; WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]).

Tenant's temporary relocation to a friend's apartment during the final year of his life, to be close to the hospital where he received intensive cancer treatment several times a week, did not interrupt the requisite one-year co-residency requirement (9 NYCRR § 2523.5[b][1]; see Matter [*2]of 865 First LLC v New York State Div. of Hous. & Community Renewal, 210 AD3d 456 [2022]; lv denied 39 NY3d 915 [2023]; Mexico Leasing, LLC v Jones 45 Misc 3d 127[A], 2014 NY Slip Op 51456[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). As the trial court found, the tenant was "an 84-year-old immunocompromised senior," the "two-and-half-mile journey from the subject premises to the [hospital] was wearing on him," and there was an expectation that he would move back to the subject apartment after the conclusion of the medical treatment (see 542 E. 14th St. LLC v Lee, 66 AD3d 18 [2009]).

Although there was sharply conflicting testimony, the trial court, which was in a position to assess the credibility of witnesses, credited respondent's testimony and found the testimony of landlord's witness to be "not credible", "inconsistent" and "untruthful." We find no basis to disturb these credibility findings. Although this court's power to review the record is as broad as that of a trial court, "due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 54-55 [1997] [citation omitted]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 18, 2026