New York Univ. v Munroe
2026 NY Slip Op 50941(U)
June 17, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Rent Regulation-Succession to Rent Controlled Tenancy-Family Member

New York University Petitioner-Landlord-Respondent,
v
Luis Munroe, Respondent-Licensee-Appellant.

Supreme Court, Appellate Term, First Department
Decided on June 17, 2026
570595/25
Present: Tisch, J.P., Perez, Alpert, JJ.

Respondent Luis Munroe appeals from: (1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.) dated May 19, 2025 which denied his motion to amend his answer; and (2) a final judgment (same court and Judge), entered October 23, 2025, after a nonjury trial, awarding possession to petitioner-landlord in a holdover summary proceeding.
[*1]
Per Curiam.
Final judgment (Jack Stoller, J.), entered October 23, 2025, affirmed, with $25 costs. Appeal from order (Jack Stoller, J.), dated May 19, 2025, dismissed, without costs, as subsumed in the appeal from the final judgment.
The trial court's determination that respondent Luis Munroe, son of the deceased rent-controlled tenant, failed to meet his affirmative obligation to establish succession rights to the subject apartment (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d]), represents a fair interpretation of the evidence, and is not disturbed (see WSC Riverside Dr. Owners LLC v Williams, 125 AD3d 458 [2015], lv dismissed 25 NY3d 1221 [2015]). The court was warranted in concluding that respondent, who is disabled, failed to establish that he resided with his father at the subject premises as his primary residence for a period of no less than one year prior to tenant's death in December 2018 (see 9 NYCRR § 2204.6 [d] [1]), given the documentary evidence indicating that respondent was living in New Jersey during the relevant period, including banking and PATH train transit records, a one-year lease signed by respondent for an apartment located in Harrison, New Jersey (see Matter of Bien-Aime v Been, 171 AD3d 495, 496 [2019], lv denied 34 NY3d 905 [2019]), utility bills for the Harrison, New Jersey apartment that were addressed to respondent at the New Jersey apartment (see Matter of Broussard v New York City Dept. of Hous. Preserv. & Dev., 170 AD3d 563 [2019]) and respondent's New Jersey driver's license.
While certain documentation linked respondent to the subject residence, the trial court, which was in the best position to assess the credibility of witnesses, did not credit respondent's explanation for the discrepancy (see Second 82nd Corp. v Veiders, 146 AD3d 696 [2017]). Although an appellate court's authority in reviewing a nonjury determination is as broad as that of the trial court, we must take into account that in a close case such as this, the trial judge has [*2]the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
We find no abuse of discretion in the denial of respondent's motion to amend his answer (CPLR 3025 [b]), made after two days of trial, which lacked merit and would have prejudiced petitioner at this late stage (see Horn v Nestor, 172 AD3d 659 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2026